I concur in the judgment and opinion except for its conclusion that the money "earmarked" for prior bankruptcy debts must be included in the appellant's gross income. My analysis starts with the proposition that the purpose of child support is to provide children with a standard of living similar to the one they would have enjoyed had the marriage continued.Birath v. Birath (1988), 53 Ohio App.3d 31, 36. Accordingly, I give great weight to appellee's acknowledgment that the family had never used the partnership income that was subject to the bankruptcy reorganization.
In this context, we should determine whether the appellant has the ability, should he so choose, to have the "earmarked" partnership income converted to disposable income. Because he is presently under a bankruptcy court order of reorganization that requires mandatory payment to creditors, I conclude that he cannot convert these monies to disposable income. Thus, I believe it was an abuse of discretion to include them in the computation of gross income. See R.C. 3113.215
(A)(2)(d) which excludes from gross income "(a)mounts paid for mandatory deductions from wages. . . ."
To the extent that the majority holds otherwise, I respectfully dissent.